Mauro Fiore, Jr., Esq. – State Bar # 196857
Law Offices Of Mauro Fiore, Jr. APC
1901 West Pacific Ave. #260
West Covina, CA 91790
(626) 856-5856
(626) 856-0886 FAX

Attorneys for Plaintiff

FILED

2012 OCT 18 PM 2:35
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

"by fax"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANTONIO RAZO,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT, DOE CITY OF ORANGE POLICE OFFICERS IN BOTH PERSONAL AND OFFICIAL CAPACITIES and does 1-30**<br><br>**Defendants.** | **CASE NO. SACV12-1487 CJC (ANX)**<br><br>**PLAINTIFFS FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**COURTROOM: 9B** |

COMES NOW the Plaintiff, ANTONIO RAZO and for causes of action against Defendants, and each of them, complains and alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Jurisdiction in this Honorable Court arises pursuant to both State of California and relevant Federal Statutes, under Title 28 of the United States Code, Sections 1331, 1343, and 1367. Jurisdiction is further established in this Honorable Court under Title 42, United States Code, Sections 1983, 1985 and 1986.

2. Venue is proper in this Court as the underlying acts, omissions, events, injuries and related facts and circumstances upon which the present actions are based, occurred in the City of Orange, State of California, within the boundaries of the District of this Honorable Court.

**<u>GENERAL ALLEGATIONS</u>**

3. At all times relevant hereto, Plaintiff is and at all times mentioned herein, was a resident of the County of Orange, State of California, and is within the jurisdiction of the State of California and Orange County Courts.

4. At all times mentioned herein, Defendants City of Orange and City of Orange Police Department **(Hereinafter Public Entity Defendants)** were public entities and municipal corporations, duly organized and existing under and by virtue of the laws of the State of California.

5. Plaintiff is informed and believes and thereupon alleges that, at all times relevant herein, Defendants DOE Police Officers IN BOTH PERSONAL AND OFFICIAL CAPACITIES, **(Hereinafter DOE DEPUTY DEFENDANTS)** and DOES 1 through 30 were residents of the County of Orange, State of California, and were Police Officers, sergeants, captains, lieutenants, commanders, and/or civilian employee agents, healthcare providers, doctors and/or policymakers and representatives of the City of Orange Police Department, as well as employees, agents and representatives of said Defendant. At all times relevant hereto, said defendants were acting within the course and scope of their employment as deputies, officers, sergeants, captains, lieutenants, commander and chiefs of police, and/or civilian employees, healthcare providers, policymakers and representatives of defendant a department and subdivision of the City of Orange, and the wrongful acts hereinafter described flow from the very exercise of their authority. Plaintiff is ignorant of the true names and capacities of Defendants who are sued herein as DOES 1 through 30, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations this Complaint and/or deprivation of rights hereinafter alleged. Plaintiff will seek leave of Court to amend this Complaint and state the true

names and/or capacities of said fictitiously named defendants when the same have been ascertained.

6. The reason why Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 30, Inclusive, is that same have been unascertainable as of the date of filing of the instant Complaint, as many of these DOES may be officers, sergeants, captains, lieutenants, commanders, and chiefs of police, and/or civilian employee, agents, policymakers, healthcare providers, doctors and representatives of the City of Orange Police Department, or employees, agents and representatives of said Defendant as such, many of their records are protected by statute and can only reasonably be ascertained through the discovery process.

7. All Defendants who are natural persons, and each of them, including DOES 1 through 30, are sued individually and in their official capacity as officers, sergeants, captains, lieutenants, commanders, supervisors, healthcare providers, doctors and/or civilian employees, agents, policymakers, and representatives for the City of Orange.

8. At all times relevant herein, Doe Police Officer Defendants IN BOTH PERSONAL AND OFFICIAL CAPACITIES, and DOES 1 through 30, Inclusive, and each of them, were acting under color or law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant City of Orange, its Police department, and the State of California.

9. Plaintiff has complied with California Government Code Section §910 in bringing this complaint.

10. On October 2, 2011 in the City of Orange the Plaintiff was unlawfully searched, seized and battered by City of Orange Police Officers who pulled him from his vehicle and falsely arrested Plaintiff after assaulting and battering him without probable cause, they let him go and apologized that it was a case of mistaken identity.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION- Violation of Federal Civil Rights (42 U.S.C. §1983) AGAINST CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT, DOE DEPUTY DEFENDANTS IN BOTH PERSONAL AND OFFICIAL CAPACITIES, (HEREINAFTER PUBLIC ENTITY DEFENDANTS) DOES 1-30 ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE.**

Plaintiff claims that the PUBLIC ENTITY DEFENDANTS violated his civil rights as alleged herein. That on 10/2/11 in or about the City of Orange, County of Orange, at or about the E/B 55 FWY. While Plaintiff was peacefully going about his business, he was pulled over by THE PUBLIC ENTITY DEFENDANTS who intentionally and or negligently assaulted, battered and used excessive force to take the Plaintiff into custody. The Plaintiff posed no threat to the deputies who were on the scene and at no time was did Plaintiff give the deputies any reason to have contact with him, nor did he resist arrest. THE PUBLIC ENTITY DEFENDANTS were acting or purporting to act in the performance of their official duties; their conduct violated the decedents' civil rights under 42 U.S.C. 1983 by depriving the decedent of his rights under the Fourth, Fourteenth and Eight Amendments of the US Constitution as this was an unreasonable seizure, use of force and torture. The aforementioned acts physically harmed the Plaintiff to the point that he was forced to undergo medical treatment. This deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm. The Plaintiff while detained and handcuffed by the officers plead with them to loosen his handcuffs and to please give him a reason he was being detained in such a brutal manner. This went on for over an hour , Plaintiff inquired why they had detained him, why they had handcuffed him and why he was being treated so brutally. The officers turned a deaf ear on the Plaintiffs pleas for help and answers. Instead they continued on with the conduct with full knowledge that they had no right to detain the Plaintiff and by keeping him in custody they continued to inflict both metal and physical injures upon him.

After a period of over an hour being handcuffed and made to suffer with his injuries on the side of the 55 FWY, he was set free with an apology that they had arrested and detained him due to a case of mistaken identity. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm. THE PUBLIC ENTITY DEFENDANTS were acting or purporting to act in the performance of their official duties; their conduct violated the Plaintiffs civil rights under 42 U.S.C. 1983 by depriving the decedent of his rights under the Fourth, Fourteenth and Eight Amendments of the US Constitution as this was an unreasonable seizure, use of force and torture. This deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm.

**SECOND CAUSE OF ACTION – Violation of Federal Civil Rights Violation of Federal Civil Rights (42 U.S.C.§1983)-EXCESSIVE USE OF FORCE UNREASONABLE ARREST AND SEIZURE AGAINST CITY OF ORANGE, CITY OF ORANGE DEPARTMENT, DOE POLICE OFFICERS IN BOTH PERSONAL AND OFFICIAL CAPACITIES, (HEREINAFTER PUBLIC ENTITY DEFENDANTS) DOES 1-30 ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE.**

Plaintiff claims that the PUBLIC ENTITY DEFENDANTS violated his civil rights as alleged herein. That on 10/2/11 in or about the City of Orange, County of Orange, at or about the E/B 55 FWY. While Plaintiff was peacefully going about his business, he was pulled over by THE PUBLIC ENTITY DEFENDANTS intentionally and or negligently assaulted, battered and used excessive force to take the Plaintiff into custody. The Plaintiff posed no threat to the deputies who were on the scene and at no time was did Plaintiff give the deputies any reason to have contact with him, nor did he resist arrest. THE PUBLIC ENTITY DEFENDANTS were acting or

purporting to act in the performance of their official duties; their conduct violated the decedents' civil rights under 42 U.S.C. 1983 by depriving the decedent of his rights under the Fourth, Fourteenth and Eight Amendments of the US Constitution as this was an unreasonable seizure, use of force and torture. The Plaintiff while detained and handcuffed by the officers plead with them to loosen his handcuffs and to please give him a reason he was being detained in such a brutal manner. This went on for over an hour, Plaintiff inquired why they had detained him, why they had handcuffed him and why he was being treated so brutally. The officers turned a deaf ear on the Plaintiffs pleas for help and answers. Instead they continued on with the conduct with full knowledge that they had no right to detain the Plaintiff and by keeping him in custody they continued to inflict both metal and physical injures upon him. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm.

The aforementioned acts physically harmed the Plaintiff to the point that he was forced to undergo medical treatment. This deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm.

After several hours being handcuffed and made to suffer with his injuries on the side of the 55 FWY, he was set free with an apology that they had arrested and detained him due to a case of mistaken identity. THE PUBLIC ENTITY DEFENDANTS were acting or purporting to act in the performance of their official duties; their conduct violated the Plaintiffs civil rights under 42 U.S.C. 1983 by depriving the decedent of his rights under the Fourth, Fourteenth and Eight Amendments of the US Constitution as this was an unreasonable seizure, use of force and torture. This deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS

were a substantial factor in causing plaintiff's harm.

**THIRD CAUSE OF ACTION – Violation of Federal Civil Rights Violation of Federal Civil Rights (42 U.S.C.§1983)-MUNICIPLE LIABILITY AGAINST CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT, (HEREINAFTER PUBLIC ENTITY DEFENDANTS) DOES 1-30 ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE.**

That on the date in question THE PUBLIC ENTITY DEFENDANTS intentionally and or negligently unreasonably seized the Plaintiff and used excessive force in detaining, and failed to use any procedures to properly identify the Plaintiff as the person they sought to arrest. They detained and handcuffed him through a gross misuse of power and simply apologized after hours of his ordeal as a case of mistaken identity. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice to detain and arrest innocent members of the public without probable cause which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm.

**FOURTH CAUSE OF ACTION – Violation of Federal Civil Rights (42 U.S.C.§1983) PUBLIC ENTITY LIABILITY FAILURE TO TRAIN AGAINST THE CITY OF ORANGE, (HEREINAFTER PUBLIC ENTITY DEFENDANTS) DOES 1-30 ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE.**

Plaintiff claims that he was deprived of his civil rights as a result of THE PUBLIC ENTITY DEFENDANTS failure to train its officers/employees. THE PUBLIC ENTITY DEFENDANTS training program was not adequate to train its officers/employees to properly handle usual and recurring situations involving the use of force and in treatment of injured

individuals such as the plaintiff who are arrested and held in custody. Plaintiff claims that THE PUBLIC ENTITY DEFENDANTS were deliberately indifferent to the need to train its officers/employees adequately; and that the failure to provide proper training was the cause of the deprivation of the decedents civil rights as alleged herein. Due to this conduct Plaintiffs was harmed; and THE PUBLIC ENTITY DEFENDANTS failure to adequately train its officers/employees was a substantial factor in causing the harm which resulted. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiffs harm.

**FIFTH CAUSE OF ACTION-, NEGLIGENCE AGAINST DOE POLICE OFFICERS IN BOTH PERSONAL AND OFFICIAL CAPACITIES (HEREINAFTER PUBLIC ENTITY DEFENDANTS) DOES 1-30 ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE.**

Plaintiff claims that the DOE SHERIFFS DEPUTIES DEFENDANTS violated his civil rights as alleged herein. The aforementioned acts physically harmed the Plaintiff to the point that he was forced to undergo medical treatment. The **DOE POLICE OFFICERS** intentionally and or negligently assaulted, battered and used excessive force to take the Plaintiff into custody. The

Plaintiff posed no threat to the deputies who were on the scene and at no time was resisting arrest. The amount of unreasonable and excessive force was so exaggerated that it caused the Plaintiff great bodily injury. This was an unreasonable use of force upon the plaintiff. The aforementioned acts have substantially harmed the plaintiff. The **DOE POLICE OFFICERS** are sued herein this cause of action in their personal capacities as they are personally liable for these wrongful acts that were a substantial factor in causing plaintiff's harm. This was the actual and proximate cause of the decedents death. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm.

**SIXTH CAUSE OF ACTION-, FALSE ARREST AND IMPRISONMENT AGAINST CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT, DOE POLICE OFFICERS IN BOTH PERSONAL AND OFFICIAL CAPACITIES (HEREINAFTER PUBLIC ENTITY DEFENDANTS) DOES 1-30 ALL PARAGRAPHS OF ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE.**

Plaintiff claims that his arrest herein was a false arrest and imprisonment without a warrant by a peace officer. This physical detainment occurred while the Plaintiff was handcuffed and made to sit on the side of the roadway by the arresting officers for a period of at least 30 min, this was without probable cause to believe he acted unlawfully. The deprivation of these rights, and the wrongful acts of THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm. This conduct violating plaintiff's constitutional civil rights occurred as a result of an official local public policy, custom or practice which was the cause in fact of the constitutional deprivations described herein that were occasioned by the Plaintiff due to said conduct of The CITY OF ORANGE, CITY OF ORANGE POLICE DEPARTMENT The deprivation of these rights, and the wrongful acts of

THE PUBLIC ENTITY DEFENDANTS were a substantial factor in causing plaintiff's harm.

**EXEMPLARY PUNITIVE DAMAGES AGAINST DOE POLICE OFFCIER DEFENDANTS ALL PRIOR PARTS OF THIS COMPLAINT ARE INCORPORATED HEREIN BY REFERENCE**

As additional damages against defendant DOE POLICE OFFICER DEFENDANTS IN THEIR PERSONAL CAPACITIES Plaintiff alleges said defendants were guilty of malice, fraud, oppression as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant. The facts supporting plaintiff's claim are as follows:

Plaintiff claims that the DOE POLICE OFFICER DEFENDANTS violated his civil rights as alleged herein. That while Plaintiff was peacefully going about his business he was intentionally and or negligently assaulted, battered, detained and harmed by the use of excessive force to take the Plaintiff into custody. The Plaintiff posed no threat to the deputies who were on the scene and at no time did Plaintiff give the deputies any reason to have contact with him, nor did he resist arrest. The aforementioned acts physically harmed the Plaintiff to the point that he was forced to undergo medical treatment.. The amount of unreasonable and excessive force was so exaggerated that it caused the Plaintiff great bodily injury. This was an unreasonable use of force upon the plaintiff. The aforementioned acts have substantially harmed the plaintiff.

**DEMAND FOR JURY TRIAL**

Plaintiff, hereby formally demands a trial by jury.

**WHEREFORE**, Plaintiff, prays for judgment against Defendants, and each of them, and demands relief against Defendants, and each of them, as follows:

1. For general damages according to proof;

2. For compensatory damages according to proof;

3. For exemplary damages, as against each Doe Police Officer , supervisor, and policymaker defendant in an amount sufficient to deter and to make an example of those defendants;

4. For consequential damages according to proof;

5. For incidental damages according to proof;

6. For prejudgment interest according to proof;

7. For costs of suit, including reasonable attorneys' fees and expenses of litigations as provided by Federal and State laws, including, but not limited to, 42 U.S.C. Section 1988;

8. For such further relief as this Honorable Court deems just and proper.

DATED: 10/18/12

LAW OFFICES OF MAURO FIORE, JR.

MAURO FIORE, JR.
Attorney for Plaintiff,

**PROOF OF SERVICE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18 and not a party to the within action. On 10-18-12, I served the foregoing document described as: PLAINTIFFS FIRST AMENDED COMPLAINT on all interested parties.

WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN, ESQ.
555 ANTON BLVD.
SUITE 1200
COSTA MESA, CA 92626-7670

______ (BY FAX) C.C.P. section 1013(a),(e): C.R.C. 2008 by transmitting said documents by electronic facsimile.

XXXX (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

_____ (BY PERSONAL SERVICE) I caused such envelope to be hand-delivered to the above-referenced parties.

_____ (STATE) Pursuant to the California Rules of Civil Procedure.

XXXX (FEDERAL) Pursuant to the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 10-18-12 at West Covina, California.

[signature]
CONNIE PUCHE